Manny v. Bank.

No. 18,779.

FRANK P. MANNY, *Appellant*, v. THE COWLEY COUNTY
NATIONAL BANK et al., *Appellees*.

### SYLLABUS BY THE COURT.

WILL—*Settlement Consummated by One Heir—Implied Contract
for Compensation for His Services.*   An heir who with the
knowledge and acquiescence of the other heirs has incurred
considerable expense and performed valuable services in the
adjustment and collection of the funds of an estate located in a
foreign country may recover from such other heirs for such
expense and a reasonable compensation for such services, not-
withstanding an agreement mutually entered into after such
adjustment, and after some of the collections have been made,
touching the subsequent collections and distribution of funds
received and to be received, recites a consideration of love
and affection and makes no mention of compensation.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge.   Opinion filed April 11, 1914.   Re-
versed.

*J. E. Torrance*, of Winfield, for the appellant.

The opinion of the court was delivered by

WEST, J.: In 1907 the grandmother of all the indi-
vidual parties hereto died in Switzerland leaving an
estate of over $100,000 which she had by will given to
a daughter in Germany and her son, Frank Manny,
formerly of Winfield, Kan., and his wife, late of
Winfield.   At the death of the grandmother, Frank
Manny had died.   Certain complications concerning the
will arose in Switzerland and Germany, and the plain-
tiff, Frank P. Manny, at the request of the other de-
fendants except the bank, went to Europe to look after
their interests, and after being there some three months
effected a compromise by which the property was to be
divided equally between the European and the Ameri-

9—92 KAN.

can branches of the Manny family. In January, 1909, an agreement was entered into by all the parties hereto who are heirs, called a trust agreement, reciting that "For and in consideration of love and affection and for the purpose of settling all questions and disputes which might arise out of the distribution of the funds received and to be received from the estate," it was mutually agreed that the proceeds should be distributed as therein set forth, and a fund of $12,000 be set apart, the proceeds of which were to go to the benefit of Mary Manny, widow of Frank Manny, deceased. It was further provided that Frank P. Manny should continue to act as collector and to receive the funds arising out of the estate, turning the same over to the Cowley County National Bank as trustee, such trustee to make distribution thereof as provided after deducting all proper charges; should there be funds received in addition to the $12,000, they were to be divided in six equal parts to the children of Frank Manny, deceased, or their heirs, and after the death of Mary Manny the $12,000 was to be likewise distributed. The plaintiff actually collected about $54,000, from the last $5800 of which he desired to be paid for his services in connection with the affairs of the estate, which he alleged were worth $2400, and brought this suit to recover this sum. It appears that only one or two of the parties object to this demand. It is alleged that the journey to Switzerland was made at the expense of abandoning a permanent employment, and that none of the expense money was furnished by the brothers and sisters, but that it was furnished wholly by the mother, and that the plaintiff was compelled to secure an advancement on his share and devote that to the expense of his stay abroad, and that by his efforts many perplexing questions touching the estate were adjusted, he waiving the possible right of exclusive inheritance by virtue of being the eldest son of Frank Manny. Defendant May Johnson having received from the clerk her share

Manny v. Bank.

of the $5800, except the amount claimed by the plaintiff, moved for judgment on the pleadings, which was granted—the court finding that the trust agreement settled all claims in relation to the collection of moneys, and that the plaintiff was not entitled to any further compensation. The plaintiff appeals, and the only question presented is whether the trust agreement covers the matter of compensation. The defendants have filed no brief.

An examination of the trust agreement convinces us that the matters in contemplation of the parties thereto were the collection and distribution of the funds and the provision for Mary Manny during her life. There is nothing in the terms used to indicate that any thought was given to the matter of compensation, and at the time the agreement was entered into the expense of the trip to Europe had already been incurred. Each of the heirs received a considerable sum from the estate, and no reason is apparent why they needed or should desire that the plaintiff donate his services and expenses. At least it must be said that with their knowledge and acquiescence he performed the services and incurred the expense, and we see no reason why he may not recover the reasonable value thereof.

We think the petition stated a cause of action.

The judgment is therefore reversed and the cause remanded for further proceedings.